IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN MICHAEL MALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:17-CV-00286-NJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Plaintiff Jonathan Malone's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). For the reasons set forth below, the motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 21, 2016, a federal grand jury indicted Malone on three charges: (1) Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) [Count 1]; (2) Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) [Count 2]; and (3) Unlawful Possession of a Firearm by a Previously Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) [Count 3]. (Doc. 6, p. 4; *See also* 16-cr-30015, Doc. 6). On March 14, 2016, Malone pleaded guilty to all three charges. (Doc. 6, p. 4).

On July 12, 2016, the undersigned sentenced Malone to the low-end of the advisory sentencing guidelines on Counts 1 and 3 (24 months concurrently), and then added the statutory minimum for Count 2 (84 months—seven years) to run consecutively to Counts 1 and 2, bringing Malone's sentence to 108 months.[1] (Doc. 6, pp. 4-5; *See also* 16-cr-30015, Doc. 32). Malone filed the pending Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 on March 20, 2017 (Doc. 1).

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a court must vacate, set aside, or correct the sentence of a prisoner in custody if it finds sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who has already had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). Thus, relief under 28 U.S.C. § 2255 is only available in extraordinary situations. *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that are of constitutional magnitude or that inherently resulted in a complete miscarriage of justice. 28 U.S.C. § 2255; *Blake*, 723 F.3d at 879. Such errors can include ineffective-assistance-of-counsel claims. *Massaro v. United States*, 538 U.S. 500, 504 (2003). In fact, such claims are often best addressed through a § 2255 motion because "in many cases [the trial record] will not disclose the facts

---

[1] The Court also ordered Malone to serve three years of supervised release, to pay a fine of $300, to pay special assessments of $300, and to pay restitution to the shop owner of $102.25. (16-cr-30015, Doc. No. 29).

necessary to decide either prong of the Strickland analysis." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (*quoting Massaro*, 538 U.S. at 505).

## ANALYSIS

The heavy burden of showing ineffective assistance of counsel rests squarely on the shoulders of the one seeking relief. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court's review of an attorney's conduct is "highly deferential" and assumes that counsel's conduct fell within the "wide range of reasonable professional assistance." *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002) (*quoting Strickland*, 466 U.S. at 689).

When evaluating a § 2255 motion claiming ineffective assistance of counsel, a court will apply the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007). The first prong requires the petitioner to demonstrate counsel's performance was deficient. *Strickland*, 466 U.S. at 687. To be considered deficient, counsel's errors must have been so serious they were in effect not acting as the "counsel guaranteed by the Sixth Amendment." *Id*. The second prong requires the petitioner to show counsel's deficient performance prejudiced the defense. *Id*. The question is whether but for counsel's unprofessional errors, the result would have been different. *Id*. at 694. Importantly, a court does not need to analyze both prongs of the test, as a petitioner's failure to satisfy either prong is sufficient to defeat the claim. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (*citing United States v. Slaughter*, 900 F2d 1119, 1124 (7th Cir. 1990)).

Malone argues that counsel's performance was deficient for several reasons.[2] The first claim alleges his counsel should have "known that the government was precluded from indicting or sentencing him for the Hobbs Act Offense." (Doc. 1, p. 9). This argument appears to be based on a misunderstanding of the Supreme Court decision in *Johnson v. United States*. Malone reads the holding in that case to stand for the proposition that the Hobbs Act itself is unconstitutionally vague and therefore he could not be charged under that statute. (Doc. 1, p. 9). Had Malone's interpretation of *Johnson* been correct, then his counsel's advice recommending he enter a guilty plea to that charge would have been deficient. Unfortunately for Malone, he has misunderstood the Supreme Court's holding. In *Johnson v. United States* the court held that imposition of an *enhanced sentence* under the residual clause of the ACCA violates due process. *Johnson v. United States,* 135 S.Ct. 2551, 2557 (2015) (emphasis added). Nothing in the language of the opinion suggests the Hobbs Act itself is unconstitutionally vague. Thus, this argument fails.

Malone also appears to argue his attorney should have known that sentencing him under both 18 U.S.C. § 1951(b)(3) (interference with commerce by robbery) and 18 U.S.C. § 924(c)(1)(A)(ii) (brandishing a firearm during a crime of violence) violated his Fifth Amendment guarantee against double jeopardy. (Doc. 1, p. 22). Presumably,

---

[2] The Court notes it is very difficult to follow the Malone's arguments. While he attaches a seventeen page memorandum of law, the majority of the memorandum simply lists case law and holdings without an explanation of how those cases are applicable to Malone's situation. The Court is cognizant of the fact that Malone is proceeding *pro se* and therefore has attempted to address all possible claims that can be inferred from his motion.

Malone is arguing the brandishing charge requires proof of the same elements as the robbery charge, and therefore would be barred under the *Blockburger* test.[3]

The Supreme Court has held, however, that the double jeopardy clause is not offended where Congress specifically authorizes cumulative punishments. *Missouri v. Hunter,* 459 U.S. 359, 368 (1983); *United States v. Seawood,* 172 F.3d 986, 989 (7th Cir. 1999). In the multiple punishments context, the Double Jeopardy Clause operates as a limit on the judiciary, not the legislature. *Jones v. Thomas,* 491 U.S. 376, 381 (1989). Thus, the judiciary cannot impose a punishment that exceeds that authorized by the legislature, but the legislature is within its rights to authorize multiple punishments for the same activity. *Id.* So long as the legislature has made sufficiently clear that multiple punishments are permitted, a court does not violate the Double Jeopardy Clause by imposing more than one punishment for the same offense. *Missouri v. Hunter,* 459 U.S. at 366.

Here, Malone entered a plea of guilty for violation of § 924(c)(1)(A)(ii) (brandishing a weapon). The language of that section states "any person, who during and in relation to any crime of violence…uses or carries a firearm, or who, in furtherance of any such crime, possessed a firearm, *shall in addition to the punishment provided* for such a crime…be sentenced to a term of not less than 7 years if the firearm is brandished." 18 U.S.C. § 924(c)(1)(A)(ii) (emphasis added). The plain meaning of the "in addition to" language makes it clear Congress intended to specifically authorized cumulative

---

[3] Under the *Blockburger* test, if two charged crimes require proof of the same elements, they are in fact the same charge and are barred by the double jeopardy clause of the Fifth Amendment. *Blockburger v. United States,* 284 U.S. 299, 304 (1932).

punishment for anyone who uses a firearm during a crime of violence. The plain meaning of the "shall" language makes it clear that a court is not just authorized, but rather required, to impose a term of at least seven years. Thus, even assuming Malone's other guilty plea for robbery under 18 U.S.C. § 1951(b)(3) required proof of the same elements, because Congress required cumulative punishment in such cases, the Court was obligated to sentence Malone separately for each of the two charges. *McCloud v. Deppisch,* 409 F.3d 869, 873 (7th Cir. 2005). Thus, the double jeopardy clause was not violated.

Finally, Malone claims his counsel was deficient for failing to argue his robbery conviction was not a crime of violence. (Doc. 1). A "crime of violence" is defined as a crime that "has as an element, the use, attempted use, or threatened use of physical force against the person of another" (commonly referred to as the elements clause). 18 U.S.C. § 924(e)(2)(b).[4] Here, the Hobbs Act defines robbery as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence or fear of injury…*

18 U.S.C. §1951(b)(1). Because one of the necessary elements for the robbery charge is the use or threat of force against a person, that charge qualifies as a crime of violence under

---

[4] In *Johnson v. United States,* the Supreme Court found the second clause of this statute, referred to as the residual clause, to be unconstitutionally vague. *Price v. United States,* 795 F.3d 731, 732 (7th Cir. 2015) (citing *Johnson,* 135 S.Ct. at 2557). The elements clause, however, remains valid. *United States v. Cardena,* 842 F.3d 959, 996 (7th Cir. 2016). The majority of Malone's argument relates to the unconstitutionality of the residual clause, which is not relevant, because his sentence is authorized under the elements clause.

the elements test. Malone's counsel could not argue anything contrary to the Court, and was therefore not ineffective in his representation.[5]

Because there is no evidence his counsel's performance was constitutionally deficient, Malone's claim of ineffective assistance of counsel necessarily fails, and the Court need not assess whether Malone was prejudiced. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (*citing United States v. Slaughter*, 900 F2d 1119, 1124 (7th Cir. 1990)).

### CONCLUSION

For the reasons set forth above, Malone's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The Court **DECLINES** to issue a certificate of appealability. This action is **DISMISSED with prejudice,** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

### NOTICE

If Malone wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Malone chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P.

---

[5] Malone makes two additional arguments. The first, that his counsel was ineffective by "failing to secure a conditional plea," is based on the above arguments regarding charge preclusion, double jeopardy, and failure to argue the predicate robbery was not an action of violence. (Doc. 1, p. 4). As discussed above, none of those arguments would have been effective. Thus, counsel could not have been ineffective in failing to obtain a different plea bargain based on those arguments. Second, Malone states he "believes he is entitled to relief under *Lynch v. Dimaya* S.Ct. No. 15-1498." (Doc. 1, p. 4). The Court notes the Supreme Court heard oral arguments on this Ninth Circuit immigration related claim on October 2, 2017. Supreme Court website, https://www.supremecourt.gov/docket/docketfiles/html/public/15-1498.html (last visited November 3, 2017). As no decision has been issued by the Supreme Court, there is no relief that can be provided by this Court and no basis for finding ineffective assistance of counsel.

4(a)(1)(A). The deadline can be extended for a short time only if Malone files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Malone will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned District Judge has already declined to issue a certificate of appealability. Thus, Malone must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Malone cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Malone plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Malone wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The
Page 8 of 9

motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Malone showing excusable neglect or good cause.

**IT IS SO ORDERED.**

**DATED:** November 6, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**